# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALTON R. SHAW,

       Plaintiff,

v.                             Case No. 09-3178

SHELTON RICHARDSON, et al.

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff Alton Shaw filed this action against various individuals employed at a private prison in Leavenworth, Kansas run by the Corrections Corporation of America ("CCA") (doc. 1). Default judgment was entered against defendants Jeff Grimes, Jeff Zilmer, Joshua Bagby, and Evan Herken for their failure to plead or otherwise defend (doc. 44). This matter is now before the court on the motion of non-defaulting defendants Shelton Richardson, Robert Mundt, Kenneth Daugherty, Bruce Roberts, Christin Monroe, Anthony Reutlinger, Rhonda Allen, and Donald Quinn to alter or amend the judgment pursuant to Rule 59(e), or in the alternative, to reconsider (doc. 63). For the reasons discussed below, the moving defendants' motion is granted.

**I. Background**

Mr. Shaw filed a declaration for entry of default against defendants Jeff

Grimes, Jeff Zilmer, Joshua Bagby, and Evan Herken on April 28, 2010 (doc. 43). On April 30, 2010, the Clerk of the District Court entered an entry of default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 77.2(6) for defendants' failure to plead or otherwise defend (doc. 44). Mr. Shaw then submitted a motion for default judgment against defendants Jeff Grimes, Jeff Zilmer, Joshua Bagby, and Evan Herken on May 13, 2010 (doc. 51). The Court entered an order granting default judgment on July 19, 2010 and ordered the Magistrate Judge to appoint counsel for Mr. Shaw and hold an evidentiary hearing to determine the appropriate award of damages (doc. 59).

Defendants Shelton Richardson, Robert Mundt, Kenneth Daugherty, Bruce Roberts, Christin Monroe, Anthony Reutlinger, Rhonda Allen, and Donald Quinn filed a motion to alter or amend the default judgment (doc. 63) and memorandum in support (doc. 64) on August 5, 2010. Mr. Shaw was granted a 30 day extension after the appointment of counsel on plaintiff's behalf to respond to defendants' motion (doc. 65). On October 11, 2010, Mr. Shaw requested an additional extension of time to file a response to defendants' motion (doc. 73), and the Court granted an extension of the deadline to October 21, 2010. However, Mr. Shaw failed to file a response.

**II. Discussion**

Local Rule 7.4(b) provides that absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. D. Kan. R. 7.4. If a responsive brief or memorandum is not filed

2

within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Id. Ordinarily, the court will grant the motion without further notice. Id. Local Rule 6.1(d) states that unless the court orders otherwise, responses to non-dispositive motions must be filed and served within 14 days. D. Kan. R. 6.1(d)(1). Here, the Court granted two extensions to accommodate Mr. Shaw's counsel. Despite the extensions, counsel failed to file a response to defendants' motion. Accordingly, the Court treats defendants' motion as unopposed and grants the motion without further notice to Mr. Shaw. *See McKinzy v. Burlington N. Santa Fe Ry.*, 2010 WL 972812, at *1 (D. Kan. Mar. 15, 2010).

The Court also grants the motion on the merits, deeming those facts set forth by the moving defendants as admitted. Pursuant to Federal Rule of Civil Procedure 4(d)(1), the United States Marshal's Service forwarded waivers and complaints to the defendants at 100 Highway Terrace, Leavenworth, Kansas 66048. This is the business address of Corrections Corporations of America, Leavenworth Detention Center. According to the movants, none of the defaulting defendants resides or works at this location, nor has any of the defaulting defendants worked at this location in over two years. The defaulting defendants, as a result, have presumably not received Mr. Shaw's complaint or notice of the lawsuit.

As a prerequisite for default judgment, the court must ensure that process was properly served on a defendant. *Hennecke, Inc. v. Advanced Bldg. Composites, LLC*, 2010 WL 2464842, *1 (D. Kan. June 4, 2010). Rule 4(e) of the Federal Rules of

Civil Procedure requires that a defendant who has not filed a waiver of service be served: (1) by following state law for serving a summons in the state where the district court is located or where service is made; or (2) by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Under Kansas law, a plaintiff may effect service by return receipt delivery, personal service, or residence service. Kan. Stat. Ann. §§ 60-303(c)-(d) (West 2010). Mr. Shaw did not follow any of these procedures for securing proper service on the defaulting defendants.

Section 60-204 of the Kansas Rules of Civil Procedure states that substantial compliance with the provisions for process service suffices if a party is made aware of the action. *Taher v. Wichita State Univ.*, 2007 WL 852364, at *3 (D. Kan. Mar. 19, 2007) (citing *Briscoe v. Getto*, 462 P.2d 127, 129 (Kan. 1969)). Under Kansas law, substantial compliance with the requirements for service and awareness of the action are all that is necessary. *Id*. In any case where there is an irregularity in service of process on an individual, the service shall be valid if the party served was made aware that an action or proceeding was pending in a specified court in which his person, status, or property were subject to being affected. *Id*. Mr. Shaw has not presented any arguments or evidence to suggest that the defaulting defendants were

made aware of this action, regardless of proper service of process. The Court therefore assumes, as suggested by the moving defendants, that the defaulting defendants are oblivious to the present litigation. Thus, default judgment is not an appropriate action against the defaulting defendants.

Mr. Shaw has not shown that he substantially complied with a recognized method of service or good cause for his failure to do so. Furthermore, the record does not support that defendants Jeff Grimes, Jeff Zilmer, Joshua Bagby, and Evan Herken either received service of process or were otherwise notified of the current action. As a result of Mr. Shaw's ineffective attempt to properly serve the defaulting defendants and his failure to respond to the moving defendants' present motion, the default judgment must be set aside.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to alter or amend default judgment (doc. 63) is granted.

**IT IS SO ORDERED** this 17th day of November, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge